KING & FRISCH, P.C.
6226 East Pima, Suite #150
Tucson, Arizona 85712
Telephone: (520) 790-4061
Facsimile: (520) 571-8148
JAMES C. FRISCH
State Bar #003547/PCC #19392
E-mail: jfrisch@kfazlaw.com
JOHN P. CHRISTIANSEN
State Bar #031047/PCC #66779
E-mail: jchristiansen@kfazlaw.com
Attorneys for Plaintiff

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>ROSALINDA C. LEDESMA<br><br>    Debtor,<br><br>ESTATE OF LYDIA G. CRUZ, by ENRIQUE CRUZ, Personal Representative,<br><br>    Plaintiff,<br><br>v.<br><br>ROSALINDA C. LEDESMA<br><br>    Defendant. | Case No.<br>2:19-bk-09701-EPB<br><br>Chapter<br>7<br><br>Adv. Proc. No. |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(4)**

Plaintiff, Enrique Cruz, as Successor Personal Representative of the Estate of Lydia G. Cruz, for his complaint against Defendant, Rosalinda C. Ledesma, alleges as follows:

**JURISDICTION**

1.      On August 2, 2019, the Debtor, Rosalinda C. Ledesma, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona and was assigned Case No. 2:19-bk-09701-EPB.

2. On September 7, 2019, the Debtor's duly-noticed meeting of creditors was held pursuant to 11 U.S.C. § 341(a).

3. As of the date of this complaint, the Debtor has not been granted a discharge.

4. This complaint is timely because the date by which a complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on November 8, 2019.

5. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge and is seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiff under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.C.S. §§ 1334 and 523.

7. This case is a core proceeding pursuant to 28 U.C.S. § 157(b)(2)(I) and 157(b)(2)(J) and Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

## **PARTIES**

8. Plaintiff is the duly appointed personal representative of the Estate of Lydia G. Cruz with administration before the Probate Division of the Arizona Superior Court in Pima County, Arizona under case number PB20120986.

9. Plaintiff is an unsecured creditor of the Debtor identified in Debtor's petition by counsel of record from the probate proceedings, James Frisch.

10. Defendant is the Debtor in the above-captioned case and at all relevant times has been a resident of the State of Arizona.

## **GENERAL ALLEGATION**

11. On December 16, 2011, Lydia G. Cruz ("Decedent"), or Rosalinda C. Ledesma ("Debtor") acting as her attorney in fact, withdrew community funds belonging to Lydia G. Cruz

and Jose Cruz from two joint accounts at Wells Fargo Bank.

12. On December 16, 2011, the withdrawn funds from the two joint accounts at Wells Fargo Bank were converted to a cashier's check in the amount of $118,823.60 made payable to Debtor.

13. On December 16, 2011, Debtor deposited the cashier's check into a savings account at Chase Bank bearing only Debtor's name.

14. On January 6, 2012, Decedent petitioned for dissolution of marriage from Jose Cruz.

15. On January 6, 2012, the Arizona Superior Court in Pima County issued an injunction in the dissolution of marriage action, prohibiting Decedent and Jose Cruz from transferring, encumbering, concealing, selling, or otherwise disposing of any joint, common or community property of the parties without the written consent of both parties or permission of the court.

16. On January 24, 2012, Decedent executed a general durable power of attorney appointing Debtor as her agent and attorney-in-fact.

17. The general durable power of attorney executed by Decedent on January 24, 2012 did not contain a specific gifting provision.

18. Debtor acted as the agent or attorney-in-fact for Decedent pursuant to the general durable power of attorney until Decedent's death on June 19, 2012.

19. On February 2, 2012, Decedent executed a last will and testament devising no specific gifts of property except as provided in a separate written statement prepared prior to her death.

20. On February 2, 2012, Decedent executed a last will and testament devising the rest and residue of her estate in equal shares to all nine of her specifically named children.

21. On February 2, 2012, Decedent executed a last will and testament nominating Debtor as personal representative of her estate.

22. On March 22, 2012, Decedent engaged the services of the law firm of Moore, Masunas, & Moore ("Moore") for her divorce action.

23. On March 26, 2012, Debtor wrote a check to Moore for a hospital visit to Decedent.

24. On March 26, 2012, Debtor wrote a check to Moore as a retainer to represent Decedent in her divorce action.

25. On March 27, 2012, Debtor transferred $5,000.00 from Debtor's individual account at Chase Bank to an individual checking account opened by Debtor in the name of Decedent.

26. Debtor was designated as agent under a power of attorney on Decedent's individual checking account identified in paragraph (25) above.

27. On March 27, 2012, Debtor transferred $100,000.00 from Debtor's individual account at Chase Bank to an individual savings account opened by Debtor in the name of Decedent.

28. Debtor was designated as agent under a power of attorney on Decedent's individual savings account identified in paragraph (27) above.

29. On May 30, 2012, Decedent signed an asset list indicating she held a checking account at Chase Bank with a balance of $4,810.35.

30. On May 30, 2012, Decedent signed an asset list indicating she held a savings account at Chase Bank with a balance of $90,028.75.

31. On June 17, 2012, Debtor used the general durable power of attorney to withdraw $29.81 from Decedent's joint account with Jose Cruz at Wells Fargo Bank.

32. On June 17, 2012, Debtor used the general durable power of attorney to withdraw $25.78 from Decedent's joint account with Jose Cruz at Wells Fargo Bank.

33. On June 17, 2012, Debtor transferred $4,502.42 from Decedent's individual checking account at Chase Bank to Debtor's individual account at Chase Bank.

34. On June 17, 2012, Debtor transferred $90,028.75 from Decedent's individual savings account at Chase Bank to Debtor's individual account at Chase Bank.

35. On June 19, 2012, Debtor transferred $0.03 from Decedent's individual checking account at Chase Bank to Debtor's individual account at Chase Bank.

36. On June 19, 2012, Debtor transferred $12.31 from Decedent's individual savings account at Chase Bank to Debtor's individual account at Chase Bank.

37. Decedent died testate on June 19, 2012 at age 75.

38. On August 17, 2012, Decedent's attorney sent a letter to Debtor advising Debtor that the funds over which Debtor had control belonged to the surviving spouse and the estate and also explained Debtor's fiduciary obligations related to those funds.

39. On September 14, 2012, Debtor applied for informal probate and appointment as Personal Representative of Decedent's estate.

40. On September 17, 2012, Decedent's will was admitted to informal probate and Debtor was appointed as the Personal Representative of the Estate.

41. On October 24, 2012, Decedent's attorney sent Debtor a refund in the amount of $4,448.00 for the remainder of a retainer Decedent previously paid to the attorney and again reminded Debtor of her fiduciary obligations.

42. In November of 2012, Debtor purchased the real property located at 632 S. Revolta Circle, Mesa, Arizona 85208.

43. Debtor made the down payment for the real property, directly or indirectly, with

funds obtained from Decedent's individual accounts at Chase Bank.

44. Debtor used the funds obtained from Decedent's individual accounts at Chase Bank to directly or indirectly make the mortgage payments on the real property.

45. On December 23, 2013, Debtor transferred $1,000.00 from the estate account at Chase Bank to her individual account at Chase Bank.

46. On July 15, 2014, Debtor wrote a check against the estate account at Chase Bank for "interment expense" in the amount of $1,633.35 which was made payable to herself.

47. On July 30, 2014, Debtor wrote a check against the estate account at Chase Bank for "probate expense" in the amount of $1,761.44 which was made payable to herself.

48. On August 13, 2014, Debtor filed a status report with the Court.

49. On November 18, 2015, Debtor filed a status report with the Court.

50. Neither status report filed by Debtor addressed the funds withdrawn from Wells Fargo Bank by Debtor identified in paragraphs (31) and (32) above.

51. Neither status report filed by Debtor addressed the funds held by Decedent at Chase Bank identified in paragraphs (33) through (36) above.

52. Neither status report filed by Debtor addressed the disbursements to Debtor from the estate account.

53. On May 26, 2016, Plaintiff filed a petition to cite Debtor to court to be examined, to have her removed as Personal Representative, and to have him appointed as Successor Personal Representative.

54. On July 21, 2016, this Court held a hearing on the Petition filed May 26, 2016.

55. Debtor did not appear at the hearing held on July 21, 2016.

56. On July 21, 2016, Plaintiff was questioned regarding the Petition filed on May 26, 2016.

57. On July 21, 2016, the Court issued an order removing Debtor as Personal Representative of the estate, appointing Plaintiff as Personal Representative of the estate, and directing Debtor to turn over all documents and property of the Estate.

58. Between July 26, 2016 and August 12, 2016, Debtor filed multiple documents to challenge her removal, Plaintiff's appointment, and the order to show cause.

59. The Court denied Debtor's attempts and held a hearing on August 18, 2016 during which Debtor was questioned regarding the location of assets of the estate.

60. On August 18, 2016, Debtor testified she did not know what happened to the cashier's check identified in paragraph (12) above.

61. On August 18, 2016, Debtor testified that she didn't take possession of the cashier's check identified in paragraph (12) above.

62. On August 18, 2016, Debtor testified that she didn't deposit the cashier's check identified in paragraph (12) above.

63. On August 18, 2016, Debtor testified that she did not take any action on the two Chase accounts in Decedent's individual name identified in paragraphs (33) through (36) above including actions regarding deposits, withdrawals, or writing checks.

64. On August 18, 2016, Debtor testified that she only followed instructions given to her by Decedent and that she was not given instructions with regard to money or finances.

65. On August 18, 2016, Debtor testified that she did not remember what happened to the funds in the two Chase accounts in Decedent's individual name identified in paragraphs (33) through (36) above.

66. On August 18, 2016, Debtor testified that she tried to locate the assets transferred from the Chase accounts in Decedent's individual name identified in paragraphs (33) through (36) above, but was unsuccessful.

67. On August 18, 2016, Debtor testified that she was unable to get information from Chase Bank regarding the account into which the funds identified in paragraphs (33) through (36) above were transferred.

68. On August 18, 2016, Debtor testified that she tried to use her Letters to get the information from Chase Bank and was told she needed to get a court order to get the information.

69. On November 23, 2016, Plaintiff filed a subpoena duces tecum for the bank records of Decedent and of Debtor.

70. On January 23, 2017, Debtor filed a motion to quash the subpoena duces tecum.

71. On March 7, 2017, the Court ruled against Debtor on her motion to quash the subpoena duces tecum.

72. On March 13, 2017, Plaintiff received the documents sought by the subpoena.

73. The documents obtained by subpoena confirm that the funds transferred from Decedent's accounts at Chase Bank shortly before her death were transferred to an account owned solely by Debtor.

74. On January 17, 2018, Plaintiff filed a petition to cite Debtor to court a second time.

75. On March 6, 2018, the Court held a hearing on the second petition to cite Debtor to court.

76. On March 6, 2018, Debtor testified that the funds she transferred to her individual account at Chase Bank were a gift from Decedent to Debtor.

77. On March 6, 2018, Debtor testified that the gift of the funds occurred on December 16, 2011.

78. At some point following Decedent's death, Debtor told at least one family member that Decedent spent all the money before her death.

79. At some point following Decedent's death, Debtor told at least one family member

that she didn't know where the money was.

80. On March 6, 2018, the Court ordered both parties to file a supplemental brief.

81. On March 15, 2018, Plaintiff filed his supplemental brief.

82. On March 25, 2018, Debtor filed her supplemental brief.

83. On May 1, 2018, the Court issued an under advisement ruling.

84. On May 1, 2018, the Court found that Debtor testified inconsistently about estate assets and her knowledge and possession of them and that her testimony was not credible.

85. On May 1, 2018, the Court found that the amounts of $90,028.75, $4,810.35, $29.81, and $25.78 were not gifts from the deceased to Debtor, but belong to the estate.

86. On May 1, 2018, the Court ordered Debtor to relinquish control and turn over $94,894.69 to the estate by July 20, 2018.

87. When Debtor failed to turn over the funds by July 20, 2018, Plaintiff filed an application for an order to show cause.

88. After multiple hearings on the application for an order to show cause, the decision was made that Plaintiff would file a complaint in that action ahead of an evidentiary hearing to determine if the court could require Debtor to sell her real property to pay a portion of the ordered amount.

89. Plaintiff filed the complaint in the state court action on February 18, 2019.

90. On May 21, 2019, Debtor filed a motion for summary judgment in the state court action to which Plaintiff filed an opposition on June 25, 2019.

91. On July 17, 2019, the court in the state court action issued a ruling denying Debtor's motion for summary judgment.

92. While Plaintiff was preparing his own motion for summary judgment in the state court action, Debtor filed her petition in this bankruptcy action.

93. Debtor incorrectly listed Plaintiff's counsel as the creditor for the claim rather than the estate or Plaintiff and neither Plaintiff nor counsel was served with proper notice of the bankruptcy action.

94. As of the date of this complaint, Debtor has not turned over the funds as ordered by the Court.

## Count One – 11 U.S.C. § 523(a)(2(A)

95. Plaintiff incorporates by this reference the foregoing allegations of the Complaint and re-alleges the same as if fully set forth.

96. Debtor told beneficiaries of the estate that the funds she withdrew from Decedent's financial accounts had either been spent by the Decedent prior to death or that she did not know what had happened to the funds.

97. Debtor concealed the funds by transferring them from Decedent's financial accounts to her own financial accounts.

98. Debtor knew her the statements to the beneficiaries were false because she had transferred the money to her own accounts.

99. Debtor knew concealing the funds was improper because Decedent's attorney had informed Debtor the funds belonged to the surviving spouse and the estate.

100. Debtor's intent to deceive is clear from her actions following concealment of the funds when she failed to report the funds as part of the estate assets on the status reports and when she testified under oath that she did not know what happened to the funds and that she did not know who owned the accounts to which the funds were transferred.

101. Plaintiff and the other beneficiaries relied and had reason to rely on the statements and conduct of Debtor and did so by allowing her to proceed with her appointment as the initial personal representative of the estate and remaining personal representative of the estate for a

significant period of time during which Debtor used the funds for her own personal benefit.

102. As a result of their reliance on Debtor's statements and conduct, Plaintiff and the other beneficiaries were unable to collect funds that rightly belong to the estate and the beneficiaries as successors to the estate.

### Count Two – 11 U.S.C. § 523(a)(4)

103. Plaintiff incorporates by this reference the foregoing allegations of the Complaint and re-alleges the same as if fully set forth.

104. At all times applicable to this count, Debtor acted as Decedent's agent under a durable general power of attorney or as personal representative of Decedent's estate.

105. As an agent under a durable general power of attorney, Debtor was required to use Decedent's assets for the benefit of Decedent and not for Debtor's own benefit.

106. Prior to Decedent's death and while still acting under the durable general power of attorney, Debtor took control of funds totaling $94,839.10 from Decedent's individual accounts at Chase Bank.

107. Prior to Decedent's death and while still acting under the durable general power of attorney, Debtor took control of funds totaling $55.59 from Decedent's joint account with Jose Cruz at Wells Fargo Bank.

108. The transfer of funds from the two banks occurred while Debtor was Decedent's agent and while Decedent was subject to the court order prohibiting Decedent from transferring, encumbering, concealing, selling, or otherwise disposing of any joint, common or community property without the written consent of Decedent and Jose Cruz or permission of the court.

109. Following Decedent's death and while acting as personal representative of Decedent's probate estate, Debtor took control of $4,448.00 from Decedent's attorney for a refund of Decedent's remaining retainer.

110. It was not in Decedent's best interests for Debtor to transfer the funds out of Decedent's control and to Debtor for her own use.

111. Under state law, Plaintiff's request for delivery of property possessed by Debtor is conclusive evidence that the possession of the property is necessary for purposes of estate administration.

112. Under state law, the superior court's order for return of Decedent's property after an examination of Debtor is prima facie evidence of Plaintiff's right to the property in an action for recovery of that property.

113. Debtor failed to turn over or produce the funds as ordered by the superior court.

114. As agent under power of attorney for Decedent, Debtor had a duty to collect and account for estate assets.

115. As personal representative of Decedent's estate, Debtor had a duty to collect and account for estate assets.

116. Debtor failed to collect the funds from Decedent's individual accounts at Chase Bank for the estate.

117. Debtor failed to properly account for the funds that belonged to the estate.

Plaintiff requests judgment against the Defendant Debtor as follows:

A. Determining that the debt reflected in the order entered in favor of plaintiff against the Debtor on July 9, 2018, is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4).

B. For Plaintiffs' reasonable attorney's fees and costs incurred pursuant to state law under A.R.S. § 12-341, A.R.S. § 14-1105(A), A.R.S. § 14-3709(D), and A.R.S. § 46-456(B).

C. For such other and further relief as the Court deems just and proper.

Dated: November 5, 2019.
             KING & FRISCH, P.C.


           By: */s/ James C. Frisch*
             James C. Frisch
             John P. Christiansen